UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT CHATTANOOGA

| | |
|---|---|
| HANNAH FAIRBANKS, ) | |
| ) | |
| *Plaintiff*, ) | |
| ) | Case No. 1:24-cv-395 |
| v. ) | |
| ) | Judge Atchley |
| TENNCARE OFFICE OF CIVIL RIGHTS ) | |
| COMPLIANCE, *et al.*, ) | Magistrate Judge Steger |
| ) | |
| *Defendants*. ) | |
| ) | |

**MEMORANDUM AND ORDER**

Before the Court are Defendants Director of TennCare and TennCare Office of Civil Rights Compliance's (collectively "TennCare") Motion to Dismiss [Doc. 26], Defendant Clarance Carter's, in his official capacity as the Commissioner of the Tennessee Department of Human Services, Motion to Dismiss [Doc. 28], and Plaintiff Hannah Fairbanks's Motion to Amend Complaint to Correct Procedure Issues and Deficiencies [Doc. 33]. Both TennCare and Mr. Carter seek dismissal of Plaintiff's 42 U.S.C. § 1983 claims. For the reasons explained below, both Defendants' Motions to Dismiss [Docs. 26 & 28] will be **GRANTED**, Plaintiff's Motion to Amend [Doc. 33] will be **DENIED AS MOOT**, and Plaintiff's Amended Complaint [Doc. 18] will be **DISMISSED WITHOUT PREJUDICE**.

I.  **BACKGROUND**

Patricia Womac is the mother, guardian, and conservator of Hannah Fairbanks, a disabled adult TennCare beneficiary. Ms. Womac, proceeding pro se, filed this instant action on behalf of Ms. Fairbanks, asserting that TennCare failed to adequately investigate a discrimination complaint during an appeal related to a denial of Ms. Fairbanks's TennCare benefits. [Doc. 18 at 3]. Plaintiff

alleges that Defendants failed to "take the necessary action" to investigate the complaint and would not allow Ms. Womac to file or proceed with an appeal without having a conservatorship or other legal authorization to act on Ms. Fairbanks's behalf. [*Id.*]. Because of this, Ms. Womac alleges that she then paid to become Ms. Fairbanks's conservator but was told later by TennCare that there was no final appeal process and that its decision related to Ms. Fairbanks's benefits was final. [*Id.* at 5].

In addition, according to Ms. Womac, an Adult Protective Services (APS) investigation was opened due to a false report of neglect by TennCare in order to obtain custody of Ms. Fairbanks. [*Id.*]. The APS investigation revealed no probable cause to remove Ms. Fairbanks from her home or to remove Ms. Womac as her conservator. [*Id.*]. Ms. Womac attempted to obtain the APS investigation records from TennCare but was told that the Tennessee Department of Human Services controlled them. [*Id.*].

Ms. Womac filed this pro se action, on behalf of Ms. Fairbanks, against TennCare Office of Civil Rights Compliance ("OCRC"), Stephen Smith in his official capacity as the Director of TennCare, and Clarance H. Carter in his official capacity as the Commissioner of the Tennessee Department of Human Services ("DHS"), seeking restitution for conservator fees, lawyer fees, and other out of pocket expenses she incurred. [*Id.*]. She also seeks a fair hearing so that she may subpoena the APS investigation records. [*Id.*].

## II. STANDARD OF REVIEW

On a motion to dismiss, the Court "must construe the complaint in the light most favorable to the plaintiff, accept all of the complaint's factual allegations as true, and determine whether the plaintiff undoubtedly can prove no set of facts in support of his claim that would entitle him to relief." *Engler v. Arnold*, 862 F.3d 571, 574-75 (6th Cir. 2017) (internal quotations omitted). "The [plaintiff's] factual allegations, assumed to be true, must do more than create speculation or

2

suspicion of a legally cognizable cause of action; they must show entitlement to relief.*" League of United Latin Am. Citizens v. Bredesen*, 500 F.3d 523, 527 (6th Cir. 2007). "Mere labels and conclusions are not enough; the allegations must contain 'factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.'" *Id.* at 575 (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Iqbal*, 556 U.S. at 678. Moreover, the Court is "not bound to accept as true a legal conclusion couched as a factual allegation." *Papasan v. Allain*, 478 U.S. 265, 286 (1986).

As to the Motion for Leave to Amend, Federal Rule of Civil Procedure 15(a)(2) requires leave to amend be freely given "when justice so requires." This analysis requires the Court to consider undue delay in filing, lack of notice to the opposing party, bad faith by the movant, failure to cure deficiencies by previous amendments, undue prejudice to the opposing party, and the futility of the amendment. *Brumbalough v. Camelot Care Ctrs., Inc.*, 427 F.3d 996, 1001 (6th Cir. 2005). "Amendment to a complaint is futile when the proposed amendment would not permit the complaint to survive a motion to dismiss." *Miller v. Calhoun Cnty.*, 408 F. 3d 803, 817 (6th Cir. 2005).

### III. ANALYSIS

#### a. Motion to Dismiss

i. <u>Ms. Womac cannot assert claims on behalf of another individual as a pro se litigant.</u>

It is well-settled that a party proceeding pro se may only represent themselves and not another party. *See* 28 U.S.C. § 1654 ("In all courts of the United States the parties may plead and conduct their own cases personally or by counsel . . .."); *Shepherd v. Wellman*, 313 F.3d 963 (6th Cir. 2002) ("Although 28 U.S.C. § 1654 provides that 'in all courts of the United States the parties may plead and conduct their own cases personally or by counsel,' that statute does not permit

3

plaintiffs to appear pro se where interests other than their own are at stake."); *Esaw v. Metro Police Dep't*, No. 3:12-0639, 2012 U.S. Dist. LEXIS 109562, at *4 (M.D. Tenn. Aug. 2, 2012) ("Mrs. Esaw is not authorized to represent her son *pro se* even if she is a conservator.").

As a pro se litigant, Ms. Womac cannot assert claims on behalf of another individual, even if that person is her child, ward, or conservatee. *See Huntsman v. Sumner Cty. Jail*, No. 3:19-cv-01088, 2020 U.S. Dist. LEXIS 38352, at *4 (M.D. Tenn. Mar. 5, 2020) ("In other words, an individual typically cannot bring suit under § 1983 based on violations of a third person's constitutional rights."). In her Amended Complaint, Ms. Womac alleges violations of 42 U.S.C. § 1983, the Rehabilitation, the Americans with Disabilities Act (ADA), and the Due Process Clause stemming from TennCare's failure to "adequately investigate a discrimination complaint *filed by Hannah* during a TennCare appeal." [Doc. 18 at 3 (emphasis added)]. In addition, Ms. Womac alleges that TennCare would not allow her to file an appeal on Ms. Fairbanks's behalf unless proof of conservatorship was shown. [*Id.* at 4]. While the Court acknowledges Ms. Womac's understandable concern for her adult daughter's well-being, the rights at issue belong to Ms. Fairbanks, not Ms. Womac.

The Court previously dismissed a similar action filed by Ms. Womac who was attempting to assert similar claims on Ms. Fairbanks's behalf. In *Fairbanks v. TennCare*, No. 1:24-cv-394, 2025 U.S. Dist. LEXIS 226693, at *3 (E.D. Tenn. Nov. 18, 2025), Ms. Womac alleged, among other things, that TennCare violated the ADA and Ms. Fairbanks's due process rights when it terminated some of her TennCare benefits when she reached the age of 21. This Court found that "it was Ms. Fairbanks who received the TennCare benefits, and it is her due process rights that would have been violated if Defendants acted improperly." *Id.* at *6. As such, this Court dismissed the action, holding that Ms. Womac could not assert the legal interests of another as a pro se litigant. *Id.* at *7. *See also L.A. v. Mitchell*, No. 3:12-cv-810, 2013 U.S. Dist. LEXIS 97311 (M.D.

4

Case 1:24-cv-00395-CEA-CHS   Document 37   Filed 12/17/25   Page 4 of 9   PageID #: 195

Tenn. July 12, 2013) (holding that a conservator may not bring a pro se action on behalf of a child or ward).

Here, Ms. Womac is similarly attempting to assert the rights of Ms. Fairbanks without the assistance of counsel. While the requested relief is different in this case, the claim ultimately stems out of TennCare's purported failure to investigate Ms. Fairbanks's discrimination complaint. Moreover, Ms. Womac requests a fair hearing with APS to obtain documents regarding the investigation into Ms. Fairbanks because "Hannah was denied that right." [Doc. 18 at 5]. Regardless of whether this Court could grant such relief, Ms. Womac concedes that any right to the requested information belongs to Ms. Fairbanks, as it arises from an investigation pertaining to her. [*Id.*]. Again, Ms. Womac's claims relate solely to Ms. Fairbanks's benefits and legal interests, not her own. Ms. Womac cannot proceed pro se on behalf of Ms. Fairbanks.

    ii.    <u>Plaintiff's claims also fail because Defendants have Eleventh Amendment Immunity.</u>

In her Amended Complaint, Ms. Womac also alleges that she "was not allowed due process to represent Hannah's interest." [Doc. 18 at 4]. As such, she alleges that Defendants violated her rights under 42 U.S.C. § 1983, the ADA, and the Rehabilitation Act. [*Id.* at 3]. To the extent that Ms. Womac has intended to bring these claims on her own behalf, her claims still fail because they are barred by the Eleventh Amendment.

"Eleventh Amendment immunity bars all suits, whether for injunctive, declaratory or monetary relief, against the state and its departments, by citizens of another state, foreigners or its own citizens." *McCormick v. Miami Univ.*, 693 F.3d 654, 661 (6th Cir. 2012) (internal quotations omitted). "The Tennessee Department of Finance and Administration's Division of TennCare is the state agency tasked with administering the federal Medicaid program in Tennessee." *Emer. Med. Care Facilities, P.C. v. Div. of TennCare*, 671 S.W.3d 507, 510 (Tenn. 2023). Therefore,

OCRC, as a subdivision of TennCare's Office of General Counsel, is an arm of the state and is therefore immune from suit under the Eleventh Amendment.

Ms. Womac has also brought claims against Stephen Smith in his official capacity as the Director of TennCare and Clarance H. Carter in his official capacity as the Commissioner of DHS. [Doc. 18 at 2–3]. It is well settled that a "suit against a state official in his or her official capacity is not a suit against the official but rather is a suit against the official's office," and "as such, it is no different from a suit against the State itself." *Will v. Mich. Dep't of State Police*, 491 U.S. 58, 71 (1989) (internal citations omitted). Accordingly, Ms. Womac's claims against Mr. Smith and Mr. Carter, in their official capacities, are considered to be suits against the state and are also barred under the Eleventh Amendment.

Defendants are immune from federal suit unless (1) "the state waives Eleventh Amendment immunity" or (2) "Congress abrogates it." *King v. Whitmer*, 71 F.4th 511, 528 (6th Cir. 2023). First, Tennessee has not waived its sovereign immunity. Tenn. Code Ann. § 20-13-102(a); *Berndt v. Tennessee*, 796 F.2d 879, 881 (6th Cir. 1986) ("[S]ection 20-13-102(a) of the Tennessee Code, which expressly prohibits any suits in state court against the state or where state treasury funds are potentially involved, also extends impliedly to suits brought in federal court." (citation omitted)). Second, although Plaintiff's Amended Complaint alleges violations of the ADA and the Rehabilitation Act, claims likely exempt from Eleventh Amendment immunity, the substance of Plaintiff's allegations is more properly construed as claims arising under 42 U.S.C. § 1983, and, therefore, has not been abrogated by Congress.

The facts in *Robinson v. University of Akron School of Law*, 307 F.3d 409 (6th Cir. 2002), closely mirror the facts in this instant action. In *Robinson*, the plaintiff, a law school student, requested unlimited or 100% addition time to complete his exams due to his learning disability; however, the defendant, the University of Akron School of Law, only agreed to give him 25%

6

additional time. *Robinson*, 307 F.3d at 410. After the University refused to reconsider his request, the plaintiff withdrew from the University and filed suit for money damages, alleging violations of the ADA and the Rehabilitation Act due to a denial for a fair hearing. [*Id.*]. The district court found that the plaintiff's claims were immune from Eleventh Amendment immunity. [*Id.* at 411]. However, the Sixth Circuit disagreed, finding that "although Robinson complains that the University barred him from hearings on his case, he makes no claim that he was excluded from these hearings because of his disability." [*Id.* at 413]. The court reasoned that such a claim is "not an ADA claim -- there is no allegation of discrimination to support it -- and must be brought, if at all, as a claim for violation of Robinson's due process rights pursuant to 42 U.S.C. § 1983." [*Id.*].

Similarly, Ms. Womac brings claims under the ADA and Rehabilitation Act, alleging that Defendants denied her a fair hearing. [Doc. 18 at 3–5]. Yet, Ms. Womac "makes no claim that [she] was excluded from these hearings because of [a] disability." *Robinson*, 307 F.3d at 413. Without such an allegation, Ms. Womac's claims cannot proceed under the ADA or Rehabilitation Act but are instead construed as claims brought pursuant to 42 U.S.C. § 1983. Therefore, Ms. Womac's claims do not fall under an exception to sovereign immunity.

Accordingly, for the foregoing reasons, Defendants' motions to dismiss [Docs. 26, 28] are **GRANTED**.

b. **Motion to Amend**

As to Plaintiff's Motion to Amend [Doc. 33], the Court finds that any amendment would be futile because Ms. Womac would still be asserting claims on behalf of Ms. Fairbanks without an attorney and, to the extent she is bringing claims on her own behalf, her claims would still be barred by the Eleventh Amendment. In her Motion to Amend, Ms. Womac does not reallege the facts or relief sought in her Amended Complaint [Doc. 18]. Instead, she merely includes a new claim brought under *Ex Parte Young* and replaces the narrative portion of her Amended Complaint

7

with numerous exhibits and some explanation. It is unclear to the Court whether Ms. Womac wants to continue to pursue her initial claims or only an *Ex Parte Young* claim. In any event, Plaintiff's proposed amended complaint is woefully deficient, and even construing the complaint as liberally as possible, the proposed amendment would still be futile.

"In order to qualify under *Ex parte Young*, such an action must seek prospective relief to end a continuing violation of federal law." *Carten v. Kent State Univ.*, 282 F.3d 391, 395 (6th Cir. 2002). However, as the Court has already stated, it is unclear what injunctive relief Ms. Womac seeks, let only what continuing violation of federal law the Court is to enjoin Defendants from doing. Ms. Womac's proposed complaint [Doc. 33] does not include a relief section. In her Amended Complaint [Doc. 18], Ms. Womac seeks restitution for various fees and a fair hearing with APS. Both forms of relief are unavailable to Ms. Womac. First, Ms. Womac cannot seek monetary damages under the *Ex Parte Young* exception. *See Robertson v. Univ. of Memphis*, No. 2:24-cv-02429-TLP-cgc, 2025 U.S. Dist. LEXIS 57413, at *9 (W.D. Tenn. Mar. 27, 2025). Second, while ordering an APS hearing could be considered prospective relief, this claim fails for a multitude of reasons. Ms. Womac has not alleged sufficient facts or law that explains why she is entitled to a hearing with APS. In fact, Ms. Womac alleged that the investigation into the potential neglect of Ms. Fairbanks was "understandable," and that APS ultimately determined that no probable cause existed to remove Ms. Fairbanks from Ms. Womac's care. [Doc. 18 at 5]. Additionally, APS's investigatory records are confidential under state law, and Ms. Womac has failed to explain why she is entitled to them. *See* Tenn. Code Ann. § 71-1-118. Finally, as is the common theme with this entire action, Ms. Womac would still be attempting to assert claims on behalf of another individual while proceeding pro se—something she is not permitted to do. Simply, Ms. Womac's purported grievances with Defendants is that they "mishandled their authority in Hannah's case," did not permit a "final appeal process" in Ms. Fairbanks's case, and

8

initiated a false "investigation against Hannah Fairbanks." [Doc. 18 at 4–6]. This entire action stems from Defendants' alleged wrongdoing against Ms. Fairbanks, not Ms. Womac.

In any event, Plaintiff's proposed amendments would still not permit the complaint to survive the motions to dismiss. Since Ms. Womac has not appointed an attorney, her claims on behalf of Ms. Fairbanks cannot stand. To the extent she has brought claims on her own behalf, they also fail for the reasons discussed above. The Court recognizes that Ms. Womac may very well have a colorable claim against TennCare for its handling of Ms. Fairbanks's case; however, the law requires her to be represented by counsel if she is to pursue claims on behalf of another.

Accordingly, because Plaintiff's proposed amendments would be futile, her Motion to Amend [Doc. 33] is **DENIED AS MOOT**.

IV. **CONCLUSION**

For the foregoing reasons, Defendants TennCare's Motion to Dismiss [Doc. 26] and Clarance Carter's Motion to Dismiss [Doc. 28] are **GRANTED**. Plaintiff's Motion to Amend Complaint to Correct Procedure Issues and Deficiencies [Doc. 33] is **DENIED**. All of Plaintiff's claims are **DISMISSED WITHOUT PREJUDICE**.

**AN APPROPRIATE JUDGMENT WILL ENTER.**

**SO ORDERED.**

>*/s/ Charles E. Atchley, Jr.*
>**CHARLES E. ATCHLEY, JR.**
>**UNITED STATES DISTRICT JUDGE**